Argued and submitted January 30, affirmed June 21, reconsideration denied August 11, petition for review denied September 19, 1989 (308 Or 382)

STATE OF OREGON,
*Respondent,*

*v.*

MARK WILBUR CARMICKLE,
*Appellant.*

(10-87-09897; CA A47853)

775 P2d 908

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Diane S. Lefkow, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his conviction for possession of a controlled substance. ORS 475.992(4). He contends that the court erred in denying his motion to suppress evidence that was obtained after an unlawful stop. We affirm.

Two police officers stopped the van in which defendant was a passenger, because another passenger matched the description of a man wanted on an out-of-state warrant for murder. The wanted individual had a tattoo of a star near his eye. The stop was at night, and there were four adults in the van. The officers asked each of the persons for identification and, using portable radio-receivers, conducted record checks on them simultaneously. They received information that there was an outstanding arrest warrant for defendant for escape from OSCI. He was arrested and searched, and the narcotics were discovered. At about the same time, the police learned that the suspected passenger, who had a tattoo of a teardrop near his eye, was not the person wanted on the warrant for murder.

Defendant contends that the initial stop was unlawful and, alternatively, if it was not, that detaining him and requesting identification violated ORS 131.615. However, even if the stop was unlawful, the search from which the evidence was obtained occurred after, and as a result of, his arrest pursuant to an outstanding warrant. The arrest warrant and the arrest under the warrant purged the evidence of the taint of illegality. *State v. Dempster,* 248 Or 404, 434 P2d 746 (1967); *State v. Snyder,* 72 Or App 359, 695 P2d 958, *rev den* 299 Or 251 (1985).

Defendant's remaining assignment of error does not merit discussion.

Affirmed.