Argued and submitted February 28, reversed and remanded March 27, 1996

## STATE OF OREGON,
*Appellant,*

*v.*

## RODNEY EARL ANGERBAUER,
*Respondent.*

(94-CR-0198-ST; CA A86357)

914 P2d 12

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Defendant was charged with one count of being a felon in possession of a firearm, ORS 166.270, and several counts of unlawful possession of controlled substances, ORS 475.992. The state appeals the trial court's grant of defendant's motion to suppress evidence obtained from a search of defendant's car. We reverse and remand.

Because the full story is lengthy and convoluted, we recite only those facts necessary to understand the dispositive issue. On March 9, 1994, Black Butte Police Chief Fegette arrested defendant's companion, Burton, on an outstanding arrest warrant while she was loading items into a car outside her rented condominium. Fegette went to the condominium to inform defendant that his companion had been arrested and discovered that defendant had fled through the open back door. Burton informed Fegette that she believed that defendant had a rifle, but thought it was in the trunk of the car. Fegette and Sisters Police Chief Haynes, who had just arrived, discovered an assault rifle in the car's trunk. After a general search of the Black Butte Ranch area was undertaken by numerous law enforcement officers from several jurisdictions, a tracking dog and aerial surveillance, defendant was arrested for burglary and criminal trespass.

At the time they arrested defendant, Fegette and Officer Garibay did not know defendant's name. Defendant initially refused to give his full name but finally acceded to Garibay's repeated request that he do so. Garibay ran a records check, discovered an outstanding warrant for defendant's arrest and learned of defendant's prior felony conviction. Redmond Police Detective Maunder then telephonically submitted an affidavit that included information about defendant's identity and his criminal record and obtained a warrant to search defendant's car for weapons. That search yielded both weapons and drugs, which formed the basis for the charges in the present case.

In a series of pretrial motions, defendant argued that the evidence obtained in the search of the car should be suppressed, because his initial arrest was unlawful. The trial court agreed that defendant's arrest by Fegette and Garibay

was illegal because they lacked probable cause. It found that the officers had learned defendant's name only after that illegal arrest and had learned of his status as a convicted felon only as a result of learning his name. The court therefore struck from the search warrant affidavit defendant's name and the fact that he was a convicted felon. It then concluded that the remainder of the affidavit failed to establish probable cause to search defendant's car for weapons and granted defendant's motion to suppress.

■ On appeal, the state argues that even if defendant's initial arrest was unlawful, the officers discovered an outstanding warrant for defendant's arrest before they requested a warrant to search his car, and that the arrest warrant "removed the taint of the prior allegedly illegal arrest." Defendant contends that the officers would not have learned his identity if they had not arrested him illegally, that the evidence of his identity therefore was properly suppressed, and that without knowledge of his identity and criminal record there was no probable cause to search his car for weapons.

■ In *State v. Snyder*, 72 Or App 359, 695 P2d 958, *rev den* 299 Or 251 (1985), we addressed virtually the identical issue. Defendant conceded at oral argument that it is "difficult to distinguish *Snyder*." Here, as in *Snyder*, the police discovered defendant's identity and an outstanding arrest warrant after an allegedly illegal detention. In both cases, the evidence sought to be suppressed was claimed to be "fruit of the poisonous tree" derived from those discoveries. However, we held that the discovery of the arrest warrant purged the taint of any prior illegality. *Id.* at 363; *see also State v. Carmickle*, 97 Or App 269, 271, 775 P2d 908, *rev den* 308 Or 382 (1989) (even if initial detention was unlawful, resulting identification of defendant led to discovery of outstanding arrest warrant and subsequent arrest that purged the otherwise tainted evidence obtained in search pursuant to that arrest); *State v. Jones*, 103 Or App 316, 318, 797 P2d 385 (1990) (citing *Carmickle* as dispositive on the issue). Here, Maunder's affidavit describing defendant's prior felony conviction and an outstanding warrant for defendant's arrest for delivery of a controlled substance with a firearm, along with Fegette's and Haynes' earlier observations of a weapon in the trunk of

the car, provided probable cause to believe that evidence of the crime of felon in possession of a firearm would be found inside the car. The trial court erred in granting defendant's motion to suppress.

Reversed and remanded.