Argued and submitted September 4, 1996; reassigned February 3, decision of the
Court of Appeals reversed, order of the circuit court suppressing evidence affirmed
March 5, 1998

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# DEANN LORRAINE MORTON,
*Petitioner on Review.*

(CC 10-93-01567B; CA A80443; SC S42838)

953 P2d 374

Steve V. Humber, Deputy Public Defender, Salem, argued the cause and filed the briefs for petitioner on review. With him on the briefs was Sally L. Avera, Public Defender.

Rives Kistler, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With him on the brief was Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, and Durham, Justices.**

GILLETTE, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision.

**GILLETTE, J.**

This is a criminal case in which defendant was charged with unlawful possession of a controlled substance, ORS 475.992(4)(b), and with unlawful delivery of a controlled substance, ORS 475.992(1)(b). The central issue is whether the police lawfully seized a small container that defendant dropped during an arrest. That issue is clouded by two other issues: (1) because defendant denied, at the time of the seizure, that the container belonged to her, the state argues that defendant does not have standing to contest the seizure; and (2) defendant argued at trial, and the trial court found, that the warrant under which she was arrested was not valid and defendant's arrest therefore was illegal.

Based on its conclusions that the warrant was invalid and that defendant could challenge the seizure of the container, the trial court suppressed evidence of the container and the controlled substance that it contained. A divided Court of Appeals, sitting en banc, reversed, holding that defendant did not have standing to contest the seizure, because she had disclaimed any interest in the container. *State v. Morton/Evans*, 137 Or App 228, 237, 904 P2d 631 (1995). We allowed defendant's petition for review and now reverse the decision of the Court of Appeals.

We take the facts from the Court of Appeals' opinion:

"In December 1991, defendant * * * was convicted for driving while suspended. ORS 811.175. That offense is a traffic infraction. ORS 153.505; ORS 811.175. [Defendant] was ordered to pay a fine or appear in court on January 10, 1992. After she failed to do either, a Lane County municipal court issued a warrant for her arrest.

"On February 2, 1993, a detective saw [defendant] associating with people whom he knew were under investigation for drug involvement * * *. The detective arrested [defendant] pursuant to the 1992 warrant. * * * While [defendant] was being placed under arrest, a plastic container fell from her jacket. [Defendant] denied knowing what was in the container, denied having ever seen it[,] and denied ownership of the container. The detective opened the container and found methamphetamine and related paraphernalia."

*Morton / Evans*, 137 Or App at 230.

It is clear from its order suppressing evidence in this case that the trial court did so exclusively on the theory that the arrest of defendant was unlawful. Because the evidence at issue was discovered as the direct result of the arrest, the trial court ruled that the evidence should be suppressed. The trial court did not base its decision on any factual issue relating to the dropping of the container or its seizure.

On the state's appeal, however, the Court of Appeals leaped past the issue of defendant's arrest and concentrated on the events surrounding the discovery of the container. The court's entire analysis was as follows:

> "To challenge the lawfulness of a search, a defendant must establish that she had an interest in the particular item that was seized. [Citations omitted.] In this case, the uncontradicted evidence was that Morton said that she had never seen the container that contained the drugs and related paraphernalia, did not own it and knew nothing of its contents. In the light of that testimony, there is no basis on which to find that Morton had an interest in the container and, consequently, she cannot challenge its seizure. The trial court erred in suppressing that evidence."

*Morton / Evans*, 137 Or App at 231-32.

■ It was logical for the Court of Appeals to address first the issue whether any constitutionally protected interest of defendant had been invaded by the seizure of the container because, if none were invaded, defendant was not entitled to have the evidence suppressed. *See State v. Kosta*, 304 Or 549, 553-54, 748 P2d 72 (1987) (where defendant was not a sender, an addressee, or an intended recipient of a package, he had no protectable interest under Article I, section 9, of the Oregon Constitution, in the package sufficient to permit him to succeed in a motion to suppress evidence of the contents of the package, based on police activity that occurred before the defendant ever came into contact with the package). However, the uncontradicted evidence in this case showed that this defendant had, in fact, been in personal possession of the container in question only moments before it came into the possession of the police. Although defendant denied vehemently any ownership interest in or knowledge of

the contents of the container, there was no debating the fact that she had possessed it. It follows that she was entitled to challenge, under Article I, section 9, the police seizure of the container. *See State v. Tanner*, 304 Or 312, 315-16, 745 P2d 757 (1987) ("[A] search or seizure must violate the defendant's section 9 rights before evidence obtained thereby will be suppressed; * * * [t]he question whether a defendant's personal rights were violated by an unlawful search or seizure is often mislabeled a question of 'standing,' but the question goes to the merits of a motion to suppress."). The Court of Appeals' contrary rationale was error.

■ Our disagreement with the rationale of the Court of Appeals does not end the case, however. Even if the defendant would have the right, under the rationale of *Kosta* and *Tanner*, to move to suppress the evidence of the container and its contents, that right would be lost if, for example, the facts showed that the defendant had abandoned the container before the police seized it. *See State v. McDonald*, 105 Or App 102, 803 P2d 1211 (1990) (so holding). The prosecutor argued to the trial judge that defendant had, in fact, abandoned the container, but—as our recitation of the pertinent facts makes clear—defendant dropped the container only after the police had begun the process of taking defendant into custody pursuant to the arrest warrant. Thus, in this instance, the state cannot separate the act of arrest from the dropping of the container; the seizure can be proper only if the arrest itself was authorized by a valid warrant. We turn to that issue.

■ The trial court ruled that the defendant's arrest was not lawful, because that arrest was pursuant to a warrant issued by a municipal judge for failure to appear in court in connection with a charge of driving while suspended. ORS 811.175(1)(a). That offense is a traffic infraction. ORS 153.505(1); 811.175. The Court of Appeals held that, because the underlying offense was a traffic infraction, the municipal court did not have authority to issue a warrant for defendant's arrest. *Morton / Evans*, 137 Or App at 236.

The state disagrees with the foregoing analysis. It argues that the municipal court did have authority, under

ORS 153.560(1), to issue the arrest warrant.[1] That statute provides:

> "If a person cited for a traffic crime fails to comply with the provisions of ORS 153.540, or if the person fails to appear at any time fixed by the court, a warrant for the person's arrest may be issued."

■ That argument need not detain us long. The authority granted by that statute is to issue a warrant for the arrest of someone referred to by the statute as "the person." The antecedent for that referent is in the same statute, *viz.*, "a person *cited for a traffic crime*." (Emphasis added.) As noted, the offense with which the defendant was charged was a traffic *infraction*, not a traffic *crime*. That statute therefore provides no support for the state's theory that the issuance of the warrant for defendant's arrest was valid, and we know of no other statute that would provide such authority. The trial court correctly ruled that the defendant's arrest was invalid. It follows that the seizure and search of the container were not valid and the judgment of the trial court to that effect should be sustained.

The decision of the Court of Appeals is reversed. The order of the circuit court suppressing evidence is affirmed.

---

[1] The state also argues that the municipal court had authority to issue an arrest warrant under ORS 153.200(1), but that statute does not deal with the authority of a municipal court to issue warrants in connection with traffic offenses.