Argued and submitted April 22, affirmed November 10, 1999

# STATE OF OREGON,
*Respondent,*

*v.*

# TRAVIS JOHN RAY,
*Appellant.*

## (C96-2920CR; CA A98561)

990 P2d 365

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the briefs was David E. Groom, Public Defender.

Kaye M. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

HASELTON, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## HASELTON, P. J.

Defendant appeals from a judgment of conviction for two counts of possession of a controlled substance. ORS 475.992(4)(b). He assigns error to the trial court's denial of his pretrial motion to suppress evidence obtained in a search of defendant's gym bag conducted in the course of a traffic stop. Defendant's principal contention on appeal is that the search of his gym bag was a warrantless search in violation of Article I, section 9, of the Oregon Constitution. The state responds that the trial court correctly denied defendant's motion to suppress because defendant abandoned his constitutionally protected privacy interest in the gym bag by disclaiming ownership of the bag before the officer searched it. We agree with the state and, accordingly, affirm.

The following facts, as found by the trial court, are undisputed. On the afternoon of December 6, 1996, Deputy Evans saw a car with expired registration stickers. He stopped the car, in which defendant was a passenger, approached the driver, Kathy Christensen, and asked her for her driver's license, registration, and proof of insurance. Christensen handed Evans an identification card and explained that she did not have a driver's license or proof of insurance. Evans returned to his patrol car to run a records check on Christensen. At approximately the same time that Evans noticed a valid temporary permit in the rear window of the car, he learned that Christensen's driver's license had been suspended.[1]

Evans approached Christensen again and asked her to step out of the car, which she did. He then asked defendant, who was seated in the front passenger seat, to step out of the car as well. Defendant complied with that request. Evans asked defendant for his name and date of birth, and defendant gave several false names and dates of birth. At the hearing on defendant's motion to suppress, defendant testified that he lied about his name and date of birth because he knew a warrant had been issued for his arrest.

---

[1] Neither party disputes that Evans lawfully stopped and detained Christensen, first for the expired registration infraction, ORS 803.300, and then for driving while suspended. ORS 811.175.

While talking with defendant, Evans observed a black gym bag on the floor in front of the right front passenger seat, where defendant had been seated. At that point, Evans asked Christensen if he could search her car and its contents. She agreed.[2] Before conducting the search, Evans asked defendant if he had any personal property in the car. Defendant said, "No." Evans proceeded to search the gym bag and found controlled substances. Thereafter, Christensen and defendant continued to disclaim any ownership or possessory interest in the gym bag.

Evans arrested both defendant and Christensen for possession of a controlled substance. Defendant then disclosed his real name and date of birth, and Evans discovered an outstanding felony warrant for defendant's arrest. Thereafter, Evans conducted an inventory of the car, seized the gym bag and inventoried its contents, and transported Christensen and defendant to the Washington County Sheriff's office.[3]

Defendant was charged with two counts of possession of a controlled substance. ORS 475.992(4)(b). Before trial, defendant filed a motion to suppress the evidence obtained from Evans's search of the gym bag. At the hearing on the motion to suppress, which occurred on February 7, 1997, defendant argued that all evidence obtained from Evans's search of the gym bag should be suppressed under ORS 810.410(3)(b) because, *inter alia*, Evans's request for Christensen's consent to search the car exceeded the scope of the investigation authorized by ORS 810.410(3)(b) and *State v. Dominguez-Martinez*, 321 Or 206, 895 P2d 306 (1995).[4] The

---

[2] The trial court expressly found that "Christensen voluntarily consented to this search [of her vehicle]."

[3] The state also argues that, even if Evans's conduct was unlawful, the trial court reached the right result because "the evidence would inevitably have been discovered." Because of our disposition, we do not reach that argument.

[4] ORS 810.410(3)(b) provides, in part, that a police officer:

"May stop and detain a person for a traffic infraction for the purposes of investigation reasonably related to the traffic infraction, identification and issuance of a citation."

In *Dominguez-Martinez*, the Supreme Court interpreted ORS 810.410(3)(b), and held that:

"[A]n officer who stops a person for a traffic infraction may investigate only that infraction, unless the state can point to some basis other than the traffic infraction to broaden the scope of the investigation." 321 Or at 212.

trial court agreed that Evans had violated ORS 810.410(3)(b) but concluded that he was nonetheless "justified in stopping defendant because of his discovery of the existence of a valid arrest warrant for defendant. *State v. Carmickle*, 97 Or App 269, [775 P2d 908,] *rev den* 308 Or 382 (1989)."[5] Based on that conclusion, the court upheld "the search of the black gym bag as a search incident to arrest of defendant" and denied defendant's motion to suppress.

Defendant appeals from the trial court's denial of his motion to suppress. We review for errors of law, deferring to the trial court's findings of historical fact if there is constitutionally sufficient evidence to support them. *See State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). When the trial court reaches the right result for the wrong reason, we may affirm on grounds different from those on which the trial court relied so long as there is evidence in the record to support those alternate grounds. *See State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988); *State v. Pamperien*, 156 Or App 153, 156, 967 P2d 503 (1998). In order to understand the framework of the parties' arguments on appeal, we begin by addressing the impact of Senate Bill 936 (SB 936) on this case.

On June 12, 1997, four months after the hearing on defendant's motion to suppress, SB 936 became effective. Or Laws 1997, ch 313. By its terms, SB 936 applies retroactively to "all criminal actions pending on or commenced after December 5, 1996." Or Laws 1997, ch 313, § 38. The relevant portion of SB 936, which has since been codified as ORS 136.432, provides, in part:

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1) The United States Constitution or the Oregon Constitution[.]"

On appeal, defendant first argued that the trial court erred in denying his motion to suppress because the evidence from Evans's search of the gym bag was obtained in

---

[5] On appeal, the parties agree that the reasoning underlying the trial court's denial of defendant's motion to suppress was erroneous.

violation of ORS 810.410(3)(b). The state then submitted its brief on appeal, arguing that ORS 136.432 applies retroactively to defendant's case because the case was "commenced after December 5, 1996," and that ORS 136.432 prohibits suppression of the evidence on the ground that it was obtained in violation of ORS 810.410(3)(b). Defendant submitted a reply brief arguing that ORS 136.432 is unconstitutional and inapplicable to his case.

The state is correct that ORS 136.432 applies here. This case was commenced after December 5, 1996, and is therefore subject to ORS 136.432. We have previously considered and rejected defendant's constitutional challenges to ORS 136.432. *See State v. Fugate*, 154 Or App 643, 656-58, 963 P2d 686, *adhered to as modified* 156 Or App 609, 969 P2d 395 (1998), *rev allowed* 328 Or 275 (1999) (rejecting *ex post facto* and single subject challenges to ORS 136.432); *State v. Cruz-Aguirre*, 158 Or App 15, 972 P2d 1206 (1999) (rejecting due process and additional single subject challenges to ORS 136.432).[6] ORS 136.432 compels admission of the evidence that Evans obtained from his search of the gym bag unless "exclusion of the evidence is required by * * * the United States or the Oregon Constitution." ORS 136.432.

Thus, the issue on appeal reduces to whether Evans's search of the gym bag violated Article I, section 9, of the Oregon Constitution, thereby compelling suppression under ORS 136.432. Defendant asserts that Evans's search of the gym bag was an unconstitutional warrantless search because Christensen lacked authority to consent to the search of the bag. The state responds, *inter alia*, that, even if Christensen did lack authority to consent to the search of defendant's bag, the trial court's denial of defendant's motion

---

[6] We also reject defendant's argument that "the specific amendments to ORS 810.410 control over the general amendments of SB 936." ORS 810.410 does not expressly require suppression of evidence obtained through its violation. *Cf. State v. Thompson-Seed*, 162 Or App 483, 986 P2d 732 (1999) (holding that ORS 136.432 did not make evidence obtained in violation of ORS 192.565 admissible, because exclusion of such evidence is *expressly* required by that statutory provision).

to suppress was correct because "defendant waived any privacy right in the contents of his gym bag by disclaiming ownership of it." For the reasons that follow, we agree with the state.[7]

As a threshold matter, it is helpful to clarify that defendant originally had a constitutionally protected privacy interest in the gym bag and its contents. Defendant testified at the suppression hearing that the bag belonged to him, and the state did not present any evidence to the contrary.[8] Had defendant told Evans that the gym bag was his before the search, any search of the bag without his consent would have violated his rights under Article I, section 9—regardless of Christensen's consent. *See State v. Edgell*, 153 Or App 108, 956 P2d 988 (1998). Thus, the state's argument depends on the determination that defendant abandoned that privacy interest when he told Evans that he did not have any property in Christensen's car. *See, e.g., State v. Morton,* 326 Or 466, 469-70, 953 P2d 374 (1998); *State v. Cook,* 163 Or App 24, 986 P2d 1228 (1999).

In *Morton*, the Supreme Court observed:

"Even if the defendant would have the right, under the rationale of [*State v.*] *Kosta*[, 304 Or 549, 748 P2d 72 (1987)] and [*State v.*] *Tanner*[, 304 Or 312, 745 P2d 757 (1987)], to move to suppress the evidence of the container and its contents, that right would be lost if, for example, the facts showed that the defendant had abandoned the container before the police seized it." 326 Or at 470.

After considering the totality of the circumstances, the court in *Morton* reasoned that the defendant had not abandoned her privacy interest, because she dropped the small container "only after the police had begun the process of taking her into custody pursuant to the [unlawful] arrest warrant."

---

[7] Because we agree with the state that defendant abandoned his section 9 privacy interest in the gym bag before the search, we need not and do not address whether Christensen had authority to consent to a search of the bag.

[8] In *State v. Knox*, 160 Or App 668, 673, 984 P2d 294 (1999), we explained that in a suppression hearing, "the state has the burden of proving the negative proposition that no interest of the defendant's was involved."

■    More recently, in *State v. Knox*, 160 Or App 668, 678, 984 P2d 294 (1999), we addressed and applied *Morton*'s abandonment analysis. There, the defendant was arrested for possession of fireworks discovered in an unlawful search of his car. He was then placed in the back seat of a patrol car and transported to the police station. Later, an officer checked the interior of the patrol car and found a zippered pouch containing cocaine under the seat where the defendant had been. We explained:

> "The 'exploitation' analysis used in [*State v.*] *Rodriguez*[, 317 Or 27, 854 P2d 399 (1993)] is applicable to the facts in *Morton* and to this case. Although the *Morton* court did not expressly apply an 'exploitation' analysis, it is apparent that that is what the court employed. * * * The causal connection between the arrest and the dropping of [the] container was not interrupted by any intervening events, and the unlawful police conduct directly coerced Morton's actions. To permit the admissibility of the evidence in *Morton* would be to permit the police to exploit or take advantage of the unlawful arrest." *Knox*, 160 Or App at 678.

Applying a *Rodriguez*-based exploitation analysis to the facts in *Knox*,[9] we concluded that the defendant had abandoned his privacy interest in the zippered pouch because the defendant's abandonment of the pouch occurred during his transportation to the station, not as a result of police exploitation of the unlawful search and seizure. We emphasized that:

> "As in *Rodriguez*, a 'but for' analysis is inappropriate. Most importantly, the police did not exploit their illegal conduct in the store parking lot to compel defendant to abandon the pouch in the patrol car. He could have retained its possession in the car just as he had retained it while the search of his car was occurring and while he was being arrested. Although defendant may have relinquished possession of the pouch to avoid its discovery on his person, because he knew he would be searched at the police station

---

[9] By comparison, our determination of whether a defendant abandoned a constitutionally protected privacy interest after *lawful* police conduct turns on whether, given the totality of the circumstances, the defendant "intended to forego exercising his possessory and privacy interests." *Cook*, 163 Or App at 32. Similarly, where a defendant relinquished control of his bag *before* any police contact had occurred, we looked at the totality of the circumstances and concluded that the defendant had abandoned his constitutionally protected privacy interest. *State v. Kauffman*, 162 Or App 402, 408, 986 P2d 696 (1999).

during the booking process, that is not a ground on which to hold that his privacy or possessory interest in the pouch was violated." *Knox*, 160 Or App at 679.

That reasoning applies in this case. Here, as in *Knox*, the question is whether the abandonment of the container was prompted or coerced by illegal police conduct. We conclude that it was not. Even assuming that Evans's request for Christensen's consent to a search of her car was an unlawful extension of the traffic stop in violation of ORS 810.410, thus requiring an exploitation analysis, *see State v. Arabzadeh*, 162 Or App 423, 427, 986 P2d 736 (1999), nothing in the record would support a determination that defendant's disclaimer of any interest in the bag was the exploited product of any prior illegality, *viz.*, Evans's request for consent to search the car.

■■    At the time that Evans requested Christensen's consent, defendant retained a privacy interest in the bag, and his privacy interest was unaffected by Christensen's consent. Before searching the car, Evans gave defendant the opportunity to declare that the gym bag was his. Instead, defendant stated that he had no property in the car. The fact that defendant may have disclaimed his ownership of the bag because he feared that Evans would search it during his search of the car "is not a ground on which to hold that his privacy or possessory interest in the [bag] was violated." *Knox*, 160 Or App at 679. Under the circumstances, we hold that defendant abandoned his privacy interest in the gym bag before the search occurred. Accordingly, the trial court did not err in denying the motion to suppress.

Affirmed.