Argued and submitted July 30, 2004, affirmed January 12, petition for review allowed May 24, 2005 (338 Or 583)

# STATE OF OREGON,
*Respondent,*

*v.*

# WAYNE LEO STANDISH,
*Appellant.*

## 01C52458; A118054

104 P3d 624

Rebecca Duncan, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services,

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

ORTEGA, J.

## ORTEGA, J.

■      Defendant appeals a judgment of conviction for two counts of first-degree robbery, ORS 164.415. He assigns error to the trial court's failure to suppress evidence seized from several bags found in the truck he was driving at the time of his arrest. The trial court concluded that defendant abandoned any possessory or privacy interest that he had in the bags when he told police officers that he did not own the bags, did not know who did, and did not know what was in them. We defer to the trial court's findings of historical fact if there is evidence to support them, but assess anew whether the facts as found by the trial court are sufficient to constitute abandonment. *State v. Cook*, 332 Or 601, 607, 34 P3d 156 (2001). We agree that defendant abandoned his possessory interest in the bags and therefore affirm.

Officer Baskett was the only witness at the suppression hearing. We take the facts from his testimony and from his police report, which defendant attached to his suppression motion. Baskett began following the pick-up truck that defendant was driving because Baskett had information that the truck was stolen. Defendant ran a red light, and Baskett activated his overhead lights. After a high-speed chase, Baskett arrested defendant and advised him of his *Miranda* rights. Baskett then asked defendant what was in the truck. Defendant responded that he did not know because neither the truck nor the property in it was his. He claimed that the truck belonged to his friend, Aaron, and that he did not know who owned the bags inside the truck. After an unsuccessful attempt to contact Aaron, Baskett decided to tow the truck and inventory its contents pursuant to a police policy that requires officers to inventory all vehicles that are to be towed.

Defendant's girlfriend, who had been in the truck with defendant, claimed that a backpack in the truck was hers and refused to let Baskett search it. Although defendant watched his girlfriend's successful prevention of a search of her bag, he made no similar effort to prevent Baskett from searching the other bags in the truck. During that search, Baskett found a shotgun inside a duffel bag that had been in the truck's cab and shotgun shells inside a backpack that had

been in the bed of the truck. When confronted with those items, defendant said that they were not his and that he had no idea that they had been in the truck. He later said that he did know who owned the bags in the truck, but refused to disclose who it was.

Defendant was charged with first-degree robbery based, in part, on evidence seized from the bags. He moved to suppress the evidence on the ground that the police department's inventory policy did not authorize Baskett to open the closed bags in the truck and that the search therefore violated the Oregon Constitution. The trial court concluded that (1) defendant could not challenge Baskett's search of the bags because he had abandoned any constitutionally protected interest that he might have had in the bags, (2) defendant's statements to Baskett were voluntary and not the product of any illegal or coercive conduct by the police, and (3) even if defendant could challenge the search, it was a valid inventory search.[1] The court accordingly denied defendant's motion to suppress, and defendant assigns error to that ruling.

Article I, section 9, of the Oregon Constitution protects against state interference with people's possessory and privacy interests in their persons, houses, papers, and effects.[2] *State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986). It requires suppression of evidence that was obtained through a search that violated a defendant's rights. *State v. Tanner*, 304 Or 312, 315-16, 745 P2d 757 (1987). To obtain suppression, "a defendant is not required to assert a protected property or privacy interest on which the state intruded. Rather, * * * the burden is on the state to prove that the warrantless search did *not* violate a protected interest of the defendant." *State v. Tucker*, 330 Or 85, 88-89, 997 P2d 182 (2000) (emphasis in original). If a defendant has actual or constructive possession of property immediately before it is searched, the defendant has a constitutionally

---

[1] Because we conclude that the officer did not violate any protected interest of defendant, we need not address whether the inventory was valid.

[2] Article I, section 9, provides, in pertinent part, that "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]"

protected possessory interest in that property. *State v. Morton*, 326 Or 466, 469-70, 953 P2d 374 (1998) (actual possession); *State v. Silva*, 170 Or App 440, 446, 13 P3d 143 (2000) (constructive possession). A defendant may abandon his constitutionally protected interest in the property by manifesting an intent to relinquish that interest. *Cook*, 332 Or at 608. A defendant does not abandon a constitutionally protected interest if the words or conduct manifesting an intent to relinquish it were coerced by illegal police conduct. *Morton*, 326 Or at 470; *Silva*, 170 Or App at 448.

■ The state agrees with defendant that he constructively possessed the items in the truck and therefore had a constitutionally protected possessory interest in the bags at the time he was arrested.[3] Defendant, for his part, does not challenge the trial court's conclusion that his statements disclaiming ownership of and knowledge about the bags were voluntary and not a product of any illegal or coercive police conduct. The parties' only dispute concerns the legal question of whether defendant's words and conduct demonstrated that he intended to relinquish all constitutionally protected interests in the bags.

The fact that a person tells police officers that he does not own a bag or know what is in it does not necessarily demonstrate an intent to relinquish the person's interests. In *Cook*, for example, officers saw the defendant stooped near a dumpster sorting through clothes in a duffel bag and told him to step away from it. The defendant complied and, when the officers asked him what he was doing with the bag and the clothes, he replied that neither the clothes nor the bag was his but that he had found a pile of clothes and was sorting through it to see if he could use any of the clothes. The officers then searched the bag. 332 Or at 603-04. The Supreme Court held that the defendant had not abandoned his possessory or privacy interest in the bag because, although the defendant's statements permitted the officers to conclude that the defendant did not own the bag or clothing, the statements did not

---

[3] Whether a defendant may have a constitutionally protected possessory interest in stolen goods is not an issue in this case. Evidence was adduced at the hearing that the truck and some clothing in the duffel bag were stolen and that Baskett took possession of those items on behalf of their rightful owner. However, there was no evidence that any of the bags searched was stolen.

permit the officers to conclude that the defendant intended to relinquish his possessory and privacy interests in those items. *Id.* at 608.

Under different circumstances, a defendant's disclaimer of ownership in property may, by itself, constitute abandonment. *State v. Linville*, 190 Or App 185, 78 P3d 136 (2003), *rev den*, 337 Or 34 (2004). In *Linville*, a police officer stopped a car in which the defendant was a passenger. The officer asked the defendant whether anything in the car belonged to him. The defendant said that he did not have anything in the car. The officer then searched the car with the driver's consent. He found a cigarette pack with marijuana and methamphetamine inside. The defendant later admitted that the cigarette pack was his. *Id.* at 187-88. Relying on *Cook*, the defendant sought suppression of the drugs on the ground that the search had interfered with his possessory and privacy interests in the cigarette pack. We held that he had abandoned those interests. *Id.* at 193.

We explained that, although the defendant's exchange with the officer in *Linville* was nearly identical to the exchange in *Cook*, the circumstances surrounding those exchanges differed in one important respect. In *Cook*, the defendant disclaimed ownership of the items but, at the same time, actively asserted a possessory interest in them. We observed in *Linville* that the *Cook* defendant's statement that he was deciding whether he could use any of the clothes, coupled with his actual possession of the clothes, "[a]t a minimum, * * * manifested an intent to exercise some kind of possessory interest in the bag." *Id.* at 191. We distinguished *Cook* on the ground that the defendant in *Linville* told the officers only that nothing in the car was his and did not exercise any sort of control over the cigarette pack while in view of the officer. *Id.* at 192. We concluded that the defendant's disclaimer of ownership, uncontradicted by his conduct, was a manifestation of his intent to relinquish his interest in the cigarette pack. *Id.* at 192-93.

Read together, *Cook* and *Linville* stand for the proposition that, although a disclaimer of ownership does not *necessarily* constitute abandonment of all protected interests in property, such a disclaimer may trigger an obligation by the

defendant to assert a protected interest other than ownership in the property where no possessory or privacy interest may be inferred from the circumstances. The defendant in *Cook* claimed a protected nonownership interest in the property by telling the officers that he might want to keep some of the clothes and by actually possessing and asserting control over the property. The defendant in *Linville*, however, asserted no such alternative possessory interest either through his words or his conduct, and no such interest was apparent from the circumstances.

Defendant asserts that the facts here are not materially different from those in *Cook*. Defendant argues that, in response to Baskett's inquiry about what was in the truck, defendant reasonably could be understood to have said only that he was driving his friend's truck, that none of the property in the truck was his, and that he did not know what was in the various closed bags. He contends that, as in *Cook*, his response communicated to Baskett that defendant did not *own* the bags but did not constitute a disclaimer of his *possessory* interest in the bags. He also claims that, as in *Cook*, although he disclaimed ownership of the bags, he simultaneously asserted a possessory interest in them when he told Baskett that the truck belonged to his friend. He argues that that statement should be understood as asserting a borrower's interest in the truck and its contents. We disagree.

As in both *Cook* and *Linville*, defendant here disclaimed ownership of the bags. He further stated that he did not know who owned the bags and did not know what was in them. Unless defendant indicated that he had some protected nonownership interest in the bags, Baskett could reasonably have understood those statements to disclaim all interest in the bags. Given his asserted lack of any knowledge whatsoever about the bags, no interest can be inferred from the circumstance that defendant asserted a possessory interest in the truck. Defendant's statement that the truck belonged to his friend cannot be reasonably interpreted as asserting a borrower's interest in the bags because defendant specifically told Baskett that he did not know who owned the bags. Defendant did not assert, through his conduct, any interest in the bags, nor may any such interest be inferred from the circumstances.

Unlike the defendant in *Cook,* defendant did not actually possess or exercise control over the bags in Baskett's presence. Instead, as in *Linville,* defendant had the opportunity to assert an interest in the contents of the truck before Baskett searched it. Defendant's girlfriend took the opportunity to assert such an interest, but defendant did not. Instead, he stated that he did not own the bags, did not know who did, and did not know what was in them. Under the circumstances, those voluntary statements, uncontradicted by other words or actions asserting a possessory or privacy interest in the bags or by circumstances from which such an interest could be inferred, demonstrated that defendant intended to relinquish any such interest. The trial court did not err in refusing to suppress the evidence.

Affirmed.