Argued and submitted March 30, affirmed December 13, 1995, petition for review denied April 30, 1996 (323 Or 153)

# STATE OF OREGON,
*Respondent,*

*v.*

# ERIC MICHAEL AKERS,
*Appellant.*

## (9300203CR; CA A82411)

907 P2d 1131

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his convictions for delivery of a controlled substance, delivery of marijuana for consideration and possession of a controlled substance. ORS 475.992. He assigns error to the denial of his motion to suppress evidence obtained from a search of a "fanny" pack. The trial court concluded that defendant had failed to establish that he had a protected interest in the contents of the pack and held that he could not challenge the lawfulness of the search. We affirm.

The facts are largely undisputed. Defendant had entered a Radio Shack store to purchase an antenna. When he left the store, he left a small blue fanny pack on the counter in the store. The manager of the store remembered that he had seen defendant carrying the pack. He went out into the mall to look for defendant to return the pack, but was unable to find him. The manager returned to the store and opened the pack, intending to look for identification. When he opened it, he found plastic baggies containing what he believed to be marijuana and a brown leather sack, which contained an unknown substance. The manager then called the police.

Shortly thereafter, defendant returned to the store to retrieve the pack. The manager testified that, "having called the police and suspecting that [the pack contained] drugs, I wasn't going to give it back to him at that point until we had consulted with the police." Consequently, various clerks pretended to help defendant look for the pack. When a police officer arrived in response to the manager's call, defendant promptly left the store. The manager told the officer that the man to whom the bag belonged had left the building. The officer stopped defendant in the parking lot and ran a records check, which showed that defendant was on parole. The officer then read to defendant *Miranda*-like warnings and asked him to return to the store, which defendant did.

When they got back to the store, the officer asked the manager to place the pack on the counter. He then asked defendant if he could search the pack. The officer, a clerk and the manager testified that defendant responded that it was not his pack and that he did not care if it was searched. Defendant testified that he stated that the pack did not belong to him, and that he could not give the officer consent to search

someone else's belongings.[1] The officer then opened the pack and discovered sizable quantities of marijuana and methamphetamine.

Before trial, defendant moved to suppress evidence of the drugs. The court denied the motion, because it determined that defendant had failed to establish that he had a protected interest in the contents of the pack and, so, could not challenge the lawfulness of the search of the pack. Defendant was subsequently convicted after a jury trial.

■■   To challenge the lawfulness of a search or seizure under Article I, section 9, of the Oregon Constitution, defendant must establish that he had a protected interest in the particular item searched or seized. *State v. Morton/Evans,* 137 Or App 228, 231, 904 P2d 631 (1995). The same principle applies under the Fourth Amendment to the United States Constitution. *See, e.g., Rawlings v. Kentucky,* 448 US 98, 106, 100 S Ct 2556, 65 L Ed 2d 633 (1980). In this case, the evidence showed that defendant disclaimed any interest in the pack at the time the officer took possession of it and searched it.

Defendant argues that his "possessory and privacy rights [in the pack] are obvious," and that he need not orally claim a right in the pack in order to prove that he had a protected interest in it. The state agrees that

" 'whether or not a person orally claims ownership in a place or effect is not **conclusive** or **determinative** of the issue of whether or not that person has constitutionally protected interests in the place or effect.' * * * Other facts surrounding the disclaimer, or other evidence brought out at a pretrial hearing, could persuade a court that the disclaimer was involuntary, or simply a lie, and that the defendant in fact retained a protected interest in the item."

(Emphasis in original.) The state contends, however, that defendant's statement to the officer that the pack was not his and that he did not care whether it was searched, while not dispositive, was sufficient evidence for the trial court to find

---

[1] The trial court found that the testimony of the clerk, the manager and the officer regarding defendant's statements at the time of the search was "much more credible" than defendant's testimony.

that defendant did not have a constitutionally protected interest in the pack at the time of the search.

■     We agree. While a defendant could overcome an oral disclaimer by providing other evidence that demonstrated that the defendant did have a protected interest in a place or effect, in this case, the evidence supported the trial court's finding that defendant did not have such an interest, and we are bound by that finding on appeal. *See, e.g., State v. Stevens*, 311 Or 119, 126-27, 806 P2d 92 (1991). On this record, the trial court did not err in denying defendant's motion to suppress.

Affirmed.