Argued and submitted December 20, 1996, affirmed December 24, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# JASON RAY TUCKER,
*Appellant.*

## (CF95-0539; CA A90706)

951 P2d 190

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Judith Brant, Assistant Attorney General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals his conviction for being a felon in possession of a firearm. ORS 166.270(1). He assigns error to the trial court's denial of his motion to suppress evidence found in a search of a car in which he was a passenger. The trial court denied the motion, concluding that defendant did not have a protected interest in the car or its contents and, therefore, that his constitutional rights were not violated by the search. We affirm.

Defendant was a passenger in a car that was involved in an accident. The driver and defendant were taken to a hospital. At the hospital, defendant gave a false name to an Oregon State Trooper investigating the accident. The trooper was unable to verify defendant's name in a multistate records check, so he called the tow truck driver who had towed the car from the accident site and asked him to look inside the car to help determine defendant's identity. Although the tow truck driver was unable to find defendant's name, he told the trooper that he had found a gun in a camera case on the passenger's side of the car. Ultimately, the trooper discovered defendant's identity and that he was a convicted felon. Defendant was charged with being a felon in possession of a firearm.

Before trial, defendant moved to suppress the evidence discovered in the tow truck driver's search of the car. At the hearing on the motion, the trial court concluded that defendant had failed to establish that he had a protected interest in the car or its contents. It therefore denied the motion. Defendant waived his right to a jury trial and was convicted by the court of being a felon in possession of a firearm.

■  To prevail on a challenge to the lawfulness of a search, a defendant must establish that the search violated a protected interest of the defendant. *State v. Akers*, 138 Or App 289, 292, 907 P2d 1131 (1995), *rev den* 323 Or 153 (1996). Relying on *State v. Tanner*, 304 Or 312, 745 P2d 757 (1987), defendant argues that, as a passenger in the car, he had a privacy interest in the car's passenger area, which interest was violated by the search of that area.

■    In *Tanner*, the Supreme Court held under Article I, section 9, of the Oregon Constitution that a person who has entrusted possessions to the owners of a house has a protected privacy interest in the area of the house in which the possessions are located.[1] *Tanner*, 304 Or at 321-22. Defendant does not rely on that holding, however, but cites to *dictum* in *Tanner* in which the court stated the proposition that a dinner guest has the right to object to an illegal search of the home in which the guest is eating, because *at the time that the guest is in the home* the guest has a privacy interest that is violated by the illegal intrusion by the police. The court stated:

> "If A invites B to dinner at A's house and the police burst in on the dinner, it would be ludicrous to contend that the police have infringed upon a privacy interest of A but not upon a privacy interest of B. * * * On the other hand, B's interest in the privacy of the house would not be as extensive as that of A. An invitation to dinner would not necessarily give B an interest in the privacy of the basement."

*Id.* at 321 (citation omitted). Defendant argues that it follows that a passenger of a vehicle has a protected interest in the areas of the vehicle to which the passenger has been given access. The crucial difference between this case and that hypothesized by the court in *Tanner*, however, is that here defendant was no longer a passenger in the car at the time of the allegedly unlawful search. Even though his position as passenger had been changed as a result of an accident and not by a voluntary act on his part, the end result was that, by the time of the search, he had no connection to the car. Using the same scenario hypothesized by the court in *Tanner*, it would be ludicrous for a person who had been a dinner guest at A's home on Sunday to claim to have had a privacy interest that was violated by an illegal search of A's home on Monday. Defendant's circumstances are legally indistinguishable from A's.

■    Although we conclude that defendant had no privacy interest in the *car* at the time it was searched, it does not

---

[1] Article I, section 9, of the Oregon Constitution, provides, in part:

"No law shall violate the right of the people to be secure in their persons, house, papers and effects, against unreasonable search, or seizure[.]"

automatically follow that his rights under Article I, section 9, may not have been violated. As the court in *Tanner* pointed out, Article I, section 9, protects three interests: "privacy, property, and 'some sort of a nebulous, poorly-defined right to be protected from undignified, forceable violations of the person[.]' " *Id.* at 319. Defendant might have had a possessory or privacy interest in the camera bag in which the gun was found. Indeed, consistent with *Tanner*, defendant correctly argues that a person has a protected interest in his or her property even if that property has been entrusted to another person. The difficulty, however, is that no evidence was presented at the suppression hearing on which to find that defendant had an interest in the camera bag or its contents.

Defendant argued below that he was entitled to challenge the legality of the search because he was charged with a possessory offense. Defendant was only partially correct. A criminal defendant always has standing to challenge the admission of evidence introduced by the state. *Tanner*, 304 Or at 316. In order for a defendant to succeed in suppressing that evidence, however, the disputed search or seizure through which the state got the evidence has to have violated the defendant's rights. *State v. Kosta*, 304 Or 549, 553-54, 748 P2d 72 (1987); *Tanner*, 304 Or at 315-16; *State v. Davis*, 295 Or 227, 237, 666 P2d 802 (1983). Defendant did not contend at the suppression hearing that the search had violated any interest that he had in the camera case or gun, apart from the interest that he had as a passenger in the car. On this record, we conclude that the trial court did not err in denying the motion to suppress.

Defendant also assigns error to the trial court's decision not to permit him to renew at trial his pretrial motion to suppress evidence. ORS 133.673(2) gives courts discretion to permit defendants to renew motions to suppress "on the ground of newly discovered evidence, or as the interests of justice require."[2] Defendant did not identify any newly discovered evidence, and, on this record, we conclude that the

---

[2] ORS 137.673(2) provides:

"A motion to suppress which has been denied may be renewed, in the discretion of the court, on the ground of newly discovered evidence, or as the interests of justice require."

trial court did not abuse its discretion in refusing to permit defendant to renew his motion.

Affirmed.