On appellant's petition for reconsideration filed January 7, petition for reconsideration granted; opinion (151 Or App 775, 951 P2d 190) modified and adhered to as modified May 27, petition for review allowed August 11, 1998 (327 Or 484)

STATE OF OREGON,
*Respondent,*

*v.*

JASON RAY TUCKER,
*Appellant.*

(CF95-0539; CA A90706)

959 P2d 632

Peter Gartlan, Deputy Public Defender, for petition.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant petitions for reconsideration of our decision upholding the trial court's denial of his motion to suppress evidence seized in a search of a car in which he had been a passenger. *State v. Tucker*, 151 Or App 775, 951 P2d 190 (1997). We grant the petition and adhere to our original opinion as modified herein.

To the facts detailed in our earlier opinion, we add the following information taken from testimony at the suppression hearing. Defendant had been a passenger in a car involved in a single-car accident. The car had rolled over, and the force of the collision had caused the car's contents to be strewn across the roadway. The investigating officer testified that he and the tow-truck driver who towed the car from the accident had gathered up the items and put them back in the car.

Defendant took the stand and testified that he had been a passenger in the car, that the camera case had been closed and that it had been under the passenger seat. When the state, on cross-examination, asked defendant whether the gun belonged to him, defendant refused to answer, citing his right against self-incrimination. In the colloquy that followed, defendant argued that, because he was charged with a possessory offense, he did not need to establish a protected interest in the gun to challenge the warrantless search and seizure of it and that it was the state's burden to prove that the search and seizure were valid.

In our original decision, we held that defendant could not prevail on his challenge to the search because he had not shown that he had a constitutionally protected interest that had been violated. 151 Or App at 779. Defendant argues that we erred when, as part of our analysis, we stated that "no evidence was presented at the suppression hearing on which to find that defendant had an interest in the camera bag or its contents." Defendant points to Powell's testimony that the tow-truck driver had told him that the camera bag had been found on the passenger side of the vehicle and argues that the fact that it was found on the passenger side of the car was sufficient to prove that defendant, as the car's

passenger, had an interest in the camera case and its contents. Although we agree that our broad statement did not acknowledge that testimony and should, therefore, be disregarded, we disagree with defendant that that testimony was sufficient to establish a protected interest that had been violated by the search.

Powell had testified that he and the tow-truck driver had picked up the items on the roadway and "tossed them back into the car." Although defendant testified that the case had been under the passenger seat, he did not state that the case belonged to him. When the state asked defendant if the gun was his, defendant refused to answer, arguing that he did not need to prove a possessory interest to challenge the validity of the search. This is not a case like *State v. Morton*, 326 Or 466, 953 P2d 374 (1998), which was decided after our first opinion in this case. There, the Supreme Court held that, where there was *uncontradicted* evidence that the defendant had been in personal possession of the container in question "only moments before it came into the possession of the police," 326 Or at 469, there was no debating that she had *possessed* it even though she had disclaimed *ownership* of it. She was, therefore, entitled to prevail on her challenge to the admission of the container as evidence against her, unless it could be shown that she had abandoned it.

Here, defendant never argued that the camera case had been in his possession at the time of the search. Indeed, defendant was not even present at the time of the search. Moreover, defendant never argued that the camera case had been in his possession at any time. Defendant's only argument was that the camera case had been found on the passenger side of a car in which he earlier had been a passenger. The trial court did not make any findings about whether defendant owned or had a possessory interest in the camera case or its contents. However, defendant never argued that the trial court was required to determine that he did. Indeed, defendant's entire theory for suppression was that, because he was charged with a possessory offense, he did not have to establish an ownership or possessory interest in the items seized in order to prevail on a motion to suppress. We analyzed and rejected that argument in our original decision, 151 Or App at 779, and we adhere to that analysis.

Petition for reconsideration granted; opinion modified and adhered to as modified.