Argued and submitted January 8, 1999, decision of Court of Appeals and judgment of circuit court reversed and case remanded to circuit court for further proceedings March 9, 2000

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## JASON RAY TUCKER,
*Petitioner on Review.*

(CF95-0539; CA A90706; SC S45431)

997 P2d 182

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the brief was David E. Groom, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent on review. Hardy Myers, Attorney General, filed the brief for respondent on review. With him on the brief were Michael D. Reynolds, Solicitor General, and Judith Brant, Assistant Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

RIGGS, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

**RIGGS, J.**

In this criminal case, defendant seeks review of his conviction for being a felon in possession of a firearm. ORS 166.270(1). He contends that the trial court erred in denying his motion to suppress evidence seized in a warrantless search of an automobile in which he was a passenger. The Court of Appeals affirmed. *State v. Tucker*, 151 Or App 775, 951 P2d 190 (1997). On reconsideration, the Court of Appeals adhered to its earlier opinion. *State v. Tucker*, 154 Or App 187, 959 P2d 632 (1998).

In this court, defendant argues that the trial court erred both on constitutional and statutory grounds. We resolve the case on the statutory ground, ORS 133.693(4). We hold that, under that statute, the state had the burden of proving the validity of the warrantless search. Because the state failed to meet that burden, we reverse and remand.

We take the following facts from the trial court's findings and the record. Defendant was the sole passenger in an automobile involved in a single-automobile accident. The automobile rolled over, and the force of the accident scattered some of the contents of the automobile across the roadway. Defendant and the driver were taken to the hospital. The state trooper who investigated the accident and the tow truck driver who was to tow the automobile from the scene gathered up the scattered items and put them back in the automobile. The tow truck driver then towed the automobile to the tow truck driver's house.

The trooper had reason to believe that defendant had identified himself falsely during the accident investigation. Without first requesting or obtaining a search warrant, the trooper chose to call the tow truck driver at home and to ask him to look through the papers and mail inside the automobile to help determine defendant's identity. Although the tow truck driver was unable to find defendant's name among the items in the automobile, the tow truck driver did find a gun in a camera case after opening the case to look for identifying items. The trooper eventually discovered defendant's identity and the fact that defendant was a convicted felon. Ultimately, defendant was charged with, among other

things, being a felon in possession of a firearm. ORS 166.270(1).

Before trial, defendant moved to suppress evidence of the gun, contending that the search by the tow truck driver at the behest of the trooper violated Article I, section 9, of the Oregon Constitution, and the Fourth Amendment to the United States Constitution.[1] Responding to defendant's motion, the state first argued that the search by the tow truck driver did not constitute state action. The state next argued that defendant had the burden of asserting a protected interest in the gun or the camera case, and that he had failed to meet that burden. The state argued that that was so because, under Article I, section 9, a court will suppress evidence obtained through an illegal search or seizure only if the actions of the police invade a constitutionally protected interest of a defendant. Finally, the state also argued that a passenger in an automobile has no protected privacy or property interest in the automobile or its contents. Defendant responded that he was not required to establish first that he had a protected interest in the gun, the camera case, or the automobile. In defendant's view, the state bore the burden under ORS 133.693(4), quoted below, of proving that the warrantless search and seizure were valid. The trial court denied defendant's motion to suppress and thereafter found defendant guilty of being a felon in possession of a firearm.

■  Defendant appealed to the Court of Appeals. In affirming the conviction, that court reasoned that, because defendant had not shown a protected interest in the automobile or its contents, the search did not violate his constitutional rights. *Tucker*, 151 Or App at 777, 779. We allowed defendant's petition for review. For the reasons that follow, we conclude that, in the context of a warrantless search, a

---

[1] Article I, section 9, of the Oregon Constitution, provides:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized."

The Fourth Amendment to the United States Constitution provides, in part:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"

defendant is not required to assert a protected property or privacy interest on which the state intruded. Rather, consistent with ORS 133.693(4), the burden is on the state to prove that the warrantless search did *not* violate a protected interest of the defendant.

As noted, we need consider only defendant's statutory argument. *See Leo v. Keisling*, 327 Or 556, 562, 964 P2d 1023 (1998) (noting that this court resolves cases on subconstitutional grounds if those grounds exist). ORS 133.693(4) provides:

"Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution."

OEC 307 provides:

"(1) The burden of producing evidence as to a particular issue is on the party against whom a finding on the issue would be required in the absence of further evidence.

"(2) The burden of producing evidence as to a particular issue is initially on the party with the burden of persuasion as to that issue."

In this case, the "particular issue" is the validity of the warrantless search. ORS 133.693(4) places the burden of proof as to that issue on the state. Under OEC 307(2), the state had the burden of producing evidence showing that the search was valid. If the state failed to produce such evidence, and no other evidence independently met the state's burden, then OEC 307(1) requires the court to find against the state.

■ In this court, the state makes two arguments. First, the state argues that the tow truck driver's search of the automobile was the act of a private individual and therefore did not implicate either ORS 133.693(4) or Article I, section 9, of the Oregon Constitution. It is true that Article I, section 9, prohibits only state action that infringes on a citizen's constitutional rights. *See State v. Tanner*, 304 Or 312, 321, 745 P2d 757 (1987) ("A section 9 privacy interest is an interest against the state; it is not an interest against private parties."). We assume that ORS 133.693(4), in referring to a "warrantless search," extends no further.

■　　Here, the trooper asked the tow truck driver to look in the automobile to see if any paper or mail revealed defendant's name. The ensuing search thus was not simply the independent volitional act of a private citizen. This court has not addressed previously when Article I, section 9, applies to a search by a private citizen. The answer is not difficult, however. We now hold that, if a state officer requests a private person to search a particular place or thing, and if that private person acts because of and within the scope of the state officer's request, then Article I, section 9, will govern the search.

■■　　Under that standard, insofar as the evidence produced at the suppression hearing shows, the tow truck driver responded to the trooper's request by searching the interior of the automobile. The tow truck driver acted within the scope of the trooper's request when he looked into the camera case, because such a container reasonably *could* have held an identification card, papers, or mail. Therefore, we hold that Article I, section 9, applies to the tow truck driver's search of the automobile.[2] It follows that the terms of ORS 133.693(4) apply to this case.

Second, the state argues that it met any burden that it had under ORS 133.693(4) by proving that the state did not invade any constitutionally protected interest of defendant. That is so, the state posits, because defendant failed to assert a protected interest in the gun or the camera case. The state's argument misstates its statutory burden and misconstrues this court's case law. In *State v. Morton*, 326 Or 466, 953 P2d 374 (1998), the police had arrested the defendant pursuant to an illegal warrant. While the police were placing the defendant under arrest, a plastic container fell from her jacket. The police opened the container, discovered methamphetamine, and arrested the defendant for unlawful possession of a controlled substance. ORS 475.992(4)(b). Notwithstanding

---

[2] The state argues that a statement by the trial court that the tow truck driver exceeded the scope of the trooper's request when the tow truck driver searched the camera case is a finding of fact and, as such, we are bound by the statement. *See State v. Herrin*, 323 Or 188, 193, 915 P2d 953 (1996) (holding that only findings of historical fact supported by the record are binding on an appellate court). Whether viewed as a conclusion of law or as a finding of fact, the record does not support the court's statement. We, therefore, are not bound by it.

the defendant's express denial at the scene of her arrest that she either owned or had any knowledge of the container, this court held that the defendant had a protected interest in the container, because uncontradicted evidence showed that the defendant had been in personal possession of the container only moments before it came into the possession of the police. *Id.* at 469. *Morton* demonstrates that a defendant's denial of a protected interest is not necessarily dispositive of whether the state has met its burden of proving the validity of a warrantless search.

As in *Morton*, here the state failed to prove that defendant lacked a protected interest in the camera case or gun. ORS 133.693(4). Defendant never had the burden of asserting an interest in the item that formed the basis of the criminal charge and that was derived from the warrantless search.

■ In sum, because the state failed to meet its burden of proving that the warrantless search was valid, defendant was entitled to a ruling that the search was illegal and that the gun discovered as a result of the search must be suppressed. The contrary ruling of the circuit court was error. Defendant's conviction must be reversed.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.