Submitted March 6, reversed and remanded April 15, 2009

In the Matter of S. L. M.,
a Youth.

STATE ex rel JUVENILE DEPARTMENT OF
JACKSON COUNTY,
*Respondent,*

*v.*

S. L. M.,
*Appellant.*

Jackson County Circuit Court
060775J; Petition Number 060775JB;
A139258

206 P3d 283

Megan L. Jacquot filed the brief for appellant.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

In this juvenile delinquency case, the juvenile court found that youth committed acts that, if committed by an adult, would constitute unlawful possession of methamphetamine. ORS 475.894. On appeal, youth contends that the juvenile court erred in denying her motion to suppress evidence found during a search of her purse by her mother at the suggestion of the police. She asserts that there was no cause for her mother to search the purse and that, because her mother acted at the suggestion of the police, the search was unlawful. The state concedes the point. For the reasons that follow, we accept the concession and reverse and remand.

The relevant facts are not in dispute. A police officer learned that youth, then 16 years of age, had run away from home and was at a residence where the officer knew that drug users lived. The officer had a warrant to arrest one of the residents and went to the home to execute the warrant. The officer found youth and took her into custody. As the officer and youth left the residence, youth asked the officer to grab her purse and jacket. The officer asked for permission to search the purse, but youth declined. The officer then placed youth in his car and contacted youth's mother to pick her up.

When youth's mother arrived, the officer told her that he had asked for permission to search youth's purse, but that youth had refused. He told youth's mother about his concern that the refusal might be an indication that youth had something illegal in the purse. Youth's mother later recalled that the officer suggested to her that she could inspect the contents of the purse by dumping them on the back seat of the patrol car. Youth's mother did just that and found among the contents of the purse a used methamphetamine pipe.

Youth moved to suppress the evidence on the ground that her mother was acting as an agent of the state and lacked cause to search her purse. The juvenile court found that, although the officer had "encouraged" youth's mother to search the purse and had "planted the seed" of suspicion in youth's mother that the purse might contain something illegal, the actual search was conducted by youth's mother alone. The court concluded that parents who suspect that their children may possess drugs have the right to conduct searches of the private possessions of those children.

■ On appeal, youth argues that, although parents may, at least in some circumstances, have authority to search the belongings of their children, when they do so as agents of the state, they become subject to the limitations that apply to state searches of private property. In this case, she contends, her mother was an agent of the state, given that her mother acted in direct response to the suggestion of the police officer that she dump the contents of the purse on the back seat of the police car.

The state responds that, on the particular facts of this case, youth is correct. Given the trial court's finding that the officer "planted the seed" and "encouraged" youth's mother to search the purse, the state acknowledges, youth's mother's actions did effectively become actions of the state and thereby became subject to the limitations on state authority to search the private possessions of an individual.

■■ We begin with the issue of parental authority. Juveniles are entitled to the protections guaranteed by Article I, section 9, of the Oregon Constitution. *Roberts v. Mills*, 290 Or 441, 444, 622 P2d 1094 (1981); *State ex rel Juv. Dept. v. M. A. D.*, 226 Or App 21, 25, 202 P3d 249 (2009). Parents may have rights and duties concerning a minor child that affect the child's exercise of his or her rights under that constitutional guarantee. *State v. Carsey*, 295 Or 32, 42-43, 664 P2d 1085 (1983). The extent of a parent's authority, however, will depend on the facts of each case—for example, the nature of the relationship between the parent and the child and, in particular, the record of the nature of their use and control of the property that was involved in the search. *Id.* at 43-46; *State v. Will*, 131 Or App 498, 504-05, 885 P2d 715 (1994).

In this case, the state acknowledges that there is nothing in the record to establish whether youth's mother had a right to control the effects of her daughter. We agree.

■■ That leaves the question whether youth's mother's actions in searching youth's purse nevertheless did not violate youth's rights under Article I, section 9, because, as the trial court concluded, that constitutional guarantee applies only as to state action, and youth's mother was not acting as an agent of the state. A privacy or possessory interest under Article I, section 9, "is an interest against the state; it is not an interest against private parties." *State v. Tanner*, 304 Or

312, 321, 745 P2d 757 (1987). When a private person acts at the request of a police officer, however, Article I, section 9, governs the propriety of that action. *State v. Tucker*, 330 Or 85, 90, 997 P2d 182 (2000). In this case, the trial court found that the police officer "encouraged" youth's mother to empty the contents of youth's purse on the back seat of the police car. As noted, the state acknowledges that, when youth's mother did as the officer suggested, that action triggered Article I, section 9, which requires a warrant or an applicable exception to the warrant requirement before searching the property of another. *State v. Weaver*, 319 Or 212, 219, 874 P2d 1322 (1994). It is undisputed that youth's mother did not act pursuant to a search warrant and that no exception to the warrant requirement applies. The trial court therefore erred in denying youth's motion to suppress.

Reversed and remanded.