Argued and submitted February 24, 2015, reversed and remanded
March 9, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LARRY WAYNE PILGRIM,
*Defendant-Appellant.*

Marion County Circuit Court
13C40031; A154742

369 P3d 434

Kali Montague, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Peenesh H. Shah, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

ARMSTRONG, P. J.

---

* Hadlock, C. J., *vice* Nakamoto, J. pro tempore.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for possession of a burglary tool or theft device, ORS 164.235, raising two assignments of error. He contends in one assignment that the trial court erred in denying his motion under Article I, section 9, of the Oregon Constitution that sought to suppress evidence found as a result of a search of a bag. He contends in his other assignment that the court erred in denying his motion under Article I, section 12, of the Oregon Constitution that sought to suppress statements that he made in response to police questioning. We agree with defendant that the court erred in denying his Article I, section 9, suppression motion and, accordingly, reverse.

The facts are uncontested. A person called the Keizer Police Department to report that a blue Acura Integra was being driven near the caller's home in a manner that led the caller to believe that the car's occupants intended to steal a car. The caller reported that the Acura had slowly circled the same block a number of times and that, at one point, the car had stopped next to a parked car. Officer Bamford was dispatched to respond to the report.

Bamford arrived in the area and saw a blue Acura Integra traveling between 30 to 35 miles per hour in a 55-mile-per-hour zone. Both the car's headlights and foglights were on. Bamford stopped the car and asked the driver for his driver's license. The driver told Bamford that he did not have one. Bamford asked the driver what he was doing in the area, and the driver responded that he was looking for a gas station, which Bamford considered to be implausible because the car was not in an area in which people would expect to find a gas station. While Bamford spoke with the driver, Sergeant Copeland arrived and spoke with defendant, who was seated in the front passenger seat. Copeland noticed that the car's ignition switch had been removed, and Copeland communicated that fact to Bamford.

Bamford asked the driver to step out of the car. The driver did that, and Bamford asked and received the driver's permission to pat him down, which led to the discovery of "jiggler keys" in the driver's pants pocket, *viz.*, shaved or

worn keys that are used to open and start cars to which the keys do not belong.

Bamford then spoke with defendant. During that discussion, the driver gave the officers permission to search the car, which led Bamford to ask defendant to step out of the car so that they could do that. Once defendant was out of the car, Bamford asked him if anything in the car belonged to him. Defendant did not give a verbal response; instead, he reached into the car and retrieved a bag of candy. Bamford interpreted defendant's actions to mean that the bag of candy "was the only thing of value that belonged to [defendant] in the car."

Bamford found a black bag on the floorboard in front of the seat in which defendant had been sitting. Bamford opened the bag and found gloves, a flashlight, a screwdriver, marijuana, and several jiggler keys. He asked defendant about the bag, and defendant admitted that it was his.

To place the parties' arguments in context, we begin with a summary of the relevant legal principles. Article I, section 9, protects people's interests in property against unreasonable state intrusion. *State v. Owens*, 302 Or 196, 206, 729 P2d 524 (1986). Subject to certain specifically established and limited exceptions, a warrantless search by the police of a person's property is *per se* an unreasonable interference with the person's interests in the property. *See State v. Bridewell*, 306 Or 231, 235, 759 P2d 1054 (1988) ("Warrantless entries and searches of premises are *per se* unreasonable unless they fall within one of the few specifically established and carefully delineated exceptions to the warrant requirement."). To obtain the suppression of evidence from an unlawful search, "a defendant is not required to assert a protected property or privacy interest on which the state intruded. Rather, * * * the burden is on the state to prove that the warrantless search did *not* violate a protected interest of the defendant." *State v. Tucker*, 330 Or 85, 88-89, 997 P2d 182 (2000) (emphasis in original). However, a person may relinquish the person's constitutionally protected interests in an object by communicating to the police through actions or words an intention to relinquish those interests. *See State v. Linville*, 190 Or App 185,

193, 78 P3d 136 (2003), *rev den*, 337 Or 34 (2004) (defendant relinquished constitutionally protected interests in property when, after officer asked him if anything in the car was his, defendant answered, "No").

The state charged defendant with one count of possession of a burglary tool or theft device, ORS 164.235.[1] Defendant moved to suppress the evidence that the police had obtained from the search of his bag on the ground that the search had violated Article I, section 9. Among other things, defendant contended that the warrantless search violated that provision because no exception to the warrant requirement applied to the search. Defendant also sought suppression of his statements about the bag on the ground that Bamford had violated Article I, section 12, by questioning him about the bag without giving him the warnings required by that provision.

The state responded that defendant's argument under Article I, section 9, was unavailing because defendant had communicated an intention to relinquish his possessory and privacy interests in the bag when, in response to Bamford's question about the contents of the car, defendant had silently reached into the car and retrieved the bag of candy. As to Article I, section 12, the state argued that Bamford was not required to give defendant *Miranda*-like warnings before questioning him about the bag because defendant was not in compelling circumstances.

The court denied defendant's suppression motion. Based on that ruling, defendant entered a conditional guilty plea that reserved his right to challenge the court's suppression ruling. Defendant appeals, reprising his argument that Bamford's search of the bag violated Article I, section 9, and his questioning of defendant violated Article I, section 12.

---

[1] ORS 164.235(1) provides:

"A person commits the crime of possession of a burglary tool or theft device if the person possesses a burglary tool or theft device and the person:

"(a) Intends to use the tool or device to commit or facilitate a forcible entry into premises or a theft by a physical taking; or

"(b) Knows that another person intends to use the tool or device to commit or facilitate a forcible entry into premises or a theft by a physical taking."

Because it is dispositive, we address only defendant's contention that Bamford's search of the bag violated Article I, section 9. When the relevant facts are uncontested, we review a trial court's denial of a suppression motion for legal error. *State v. Warner*, 136 Or App 475, 478, 901 P2d 940 (1995).

As noted, the state has the burden of proving that defendant's statements and conduct demonstrated that defendant had relinquished all constitutionally protected interests in his bag. *State v. Cook*, 332 Or 601, 608, 34 P3d 156 (2001). To determine whether the state satisfied that burden here, we consider two cases in which the state likewise contended that the defendant had manifested an intention to relinquish the defendant's possessory and privacy interests in an object.

In *State v. Edgell*, 153 Or App 108, 110, 956 P2d 988 (1998), an officer lawfully stopped a car for a traffic violation, and the defendant was one of three passengers in the car. The officer asked the driver for consent to search the car. The driver authorized the search, which revealed a purse containing drugs. The defendant subsequently admitted that the purse was hers. The state charged the defendant with unlawful possession of a controlled substance, and the defendant moved to suppress the evidence obtained from the search of her purse, arguing that the driver did not have authority to consent to the search of the purse. The state responded that it was the defendant's burden to object to the search of the purse and that, by failing to do that, the defendant had manifested an intention to relinquish her constitutionally protected interests in the purse. We disagreed, concluding that the defendant had not relinquished her interests in the purse by failing to object to the officer's search of it. *Id.* at 112.

As in *Edgell*, the defendant in *Linville* was a passenger in a car that the police lawfully stopped for a traffic violation. 190 Or App at 187. The defendant told an officer during the stop that nothing in the car belonged to him. The driver subsequently authorized the police to search the car, and the search revealed a pack of cigarettes containing drugs. The defendant later admitted that the cigarette pack

and drugs belonged to him. The defendant was charged with drug possession and moved to suppress the drug evidence, and his statements about it, on the ground that the officer had unlawfully searched the cigarette pack. We concluded that, "through his reply to the officer's inquiry disclaiming that any of his possessions were in the car, defendant [had] manifested his intent[ion] to voluntarily relinquish his privacy and possessory interests in the cigarette pack." *Id.* at 193. Hence, the police search of the cigarette pack had not violated the defendant's constitutionally protected interests in it.

Those cases stand for the proposition that, to relinquish a person's constitutionally protected interests in an object in the circumstances of a case such as this, the person must unequivocally manifest an intention to do that. The defendant's statement in *Linville* disclaiming any interest in the contents of the car did that; the defendant's silence in *Edgell* in the face of the police search of the car did not. Here, defendant's actions did not unequivocally manifest an intention to relinquish his constitutionally protected interests in his bag. His act of removing the candy from the car communicated to the police that the candy belonged to him, but that act did not unequivocally communicate to the police that he had no interest in anything else in the car.[2] Consequently, the trial court erred in denying defendant's motion to suppress evidence derived from the state's unlawful search of defendant's bag.

Reversed and remanded.

---

[2] We left unresolved in *State v. Brown*, 273 Or App 347, 352 n 4, 359 P3d 413 (2015), whether the focus of the test for relinquishment of constitutionally protected interests in property is on actual versus apparent relinquishment or, perhaps, on both. We need not resolve that question to resolve this case.