No. 665 December 20, 2023 639

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRITTANY LYNN HARMON,
*Defendant-Appellant.*

Washington County Circuit Court
21CR17744, 20CR52167, 21CR20302;
A177992 (Control), A177993, A177994

Ricardo J. Menchaca, Judge.

Argued and submitted October 27, 2023.

Rond Chananudech, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and David B. Thompson, Assistant Attorney General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

In Case Number 21CR17744, conviction on Count 1 reversed and remanded. In Case Numbers 20CR52167 and 21CR20302 affirmed.

**KAMINS, J.**

In this consolidated appeal, in case number 21CR17744, defendant appeals a judgment of conviction for aggravated identity theft, ORS 165.803. She raises a sole assignment of error, challenging the trial court's denial of her motion to suppress.[1] We reverse and remand.

## I.   BACKGROUND

Late in the evening, a police officer initiated a traffic stop of a car in which defendant was a passenger. After the driver produced an identification card that did not belong to him, the officer arrested him for identity theft and giving false information to a peace officer. Once the driver was taken into police custody, a second officer noticed a handgun between the driver's seat and the center console. A third officer approached the front passenger side of the car, where defendant sat, and asked defendant to step out of the vehicle for officer safety purposes. Defendant held a small black backpack-style purse on the seat between her and the passenger-side door during that interaction, and as she exited the car, she held a pink wallet, but placed the backpack on the passenger floorboard. The officer then directed defendant to stand beside another officer behind the car.

The officers notified defendant that they had removed her from the car because of the handgun that they found. Defendant claimed the handgun belonged to her, but the officers did not believe her. An officer then proceeded to search the passenger compartment of the vehicle for evidence pertaining to the driver's arrest. While searching, the officer opened defendant's backpack and found a black wallet inside that contained numerous identification, debit, and credit cards belonging to people other than defendant. The officers arrested defendant for aggravated identify theft based on the contents of her backpack. While searching her person incident to that arrest, the officers found four or five more identification cards in the pink wallet defendant was holding.

In case number 21CR17744, defendant was charged with aggravated identity theft, ORS 165.803. She moved to

_____

[1] Defendant also appeals judgments in case numbers 20CR52167 and 21CR20302 but raises no assignments of error with respect to those judgments.

suppress the evidence derived from the search of her backpack, arguing that the police violated her constitutional rights by searching it without a warrant or a valid exception to the warrant requirement. Following a hearing, the trial court denied defendant's motion and identified a number of exceptions justifying the search of the backpack: (1) officer safety; (2) search incident to defendant's arrest; and (3) search incident to the driver's arrest.

Defendant waived trial by jury and proceeded to a bench trial. The trial court found defendant guilty and sentenced her to 36 months' probation. Defendant timely appealed.

## II.  DISCUSSION

In her sole assignment of error, defendant asserts that the trial court erred in denying her motion to suppress. She raises a number of arguments addressing each of the exceptions to the warrant requirement identified by the trial court in its ruling.

We review a trial court decision denying a motion to suppress for errors of law. *State v. Ehly*, 317 Or 66, 75, 854 P2d 421 (1993). We are bound by the trial court's factual findings if there is constitutionally adequate evidence to support them. *State v. Edwards*, 319 Or App 60, 62, 509 P3d 177, *rev den*, 370 Or 212 (2022) (citing *Ehly*, 317 Or at 75).

Article I, section 9, of the Oregon Constitution protects individuals' privacy and possessory interests. *State v. Luman*, 347 Or 487, 492, 223 P3d 1041 (2009). A warrantless search of an individual's personal property is an unreasonable interference with that individual's privacy interest in the property unless a valid exception to the warrant requirement applies. *State v. Bunch*, 305 Or App 61, 65, 468 P3d 973 (2020). The state has the burden of proving that a valid exception applies. *State v. Barber*, 279 Or App 84, 89, 379 P3d 651 (2016). One such exception is the search-incident-to-arrest exception, which permits a warrantless search "for any of three purposes: (1) to protect a police officer's safety; (2) to prevent the destruction of evidence; or (3) to discover evidence of the crime of arrest." *State v. Mazzola*,

356 Or 804, 811, 345 P3d 424 (2015). In support of its ruling the trial court cited: (1) officer safety concerns; (2) search incident to defendant's arrest; and (3) search incident to the driver's arrest. On appeal, defendant challenges all three justifications. Although the state defends the trial court's ruling only under the third justification, we address each of them in turn.

A.  *Officer Safety Concerns*

The officer-safety exception to the warrant requirement allows an officer to "take reasonable steps to protect himself or others if * * * the officer develops a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an *immediate threat* of serious physical injury to the officer or to others then present." *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987) (emphasis added). The standard has both an objective and a subjective component, and the state bears the burden of proof and persuasion with regard to both components. *State v. Ramirez*, 305 Or App 195, 205, 468 P3d 1006 (2020). And an officer's subjective concerns must be from an immediate threat. *Id*.

Here, the trial court ruled that the officers could search defendant's backpack because of the officer safety concerns that arose following their discovery of the handgun between the driver's seat and the center console. We conclude for two reasons that officer safety concerns did not justify the search. First, the officers did not articulate a specific safety concern with respect to defendant's backpack. Second, at the time that police searched defendant's backpack, there was no immediate threat to the officers. A warrantless search to protect an officer's safety "will be justified only when the area searched is still within the defendant's control, so that the defendant would be able to obtain a weapon stashed in the area[.]" *State v. Krause*, 281 Or App 143, 146, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017). But here, the officers did not search defendant's backpack until after the handgun was secured, an officer stood with defendant behind the car, and the driver was in custody. At that point, there was no risk of the driver or defendant accessing the backpack or any potential weapons that may have been inside it.

Under those circumstances, it was not objectively reasonable to believe that defendant's backpack posed an immediate threat of physical injury to the officers. Therefore, the trial court erred in relying on officer safety to justify denying defendant's motion to suppress.

B.  *Search Incident to Defendant's Arrest*

A warrantless search incident to arrest requires a valid arrest. *State v. Caraher*, 293 Or 741, 757, 653 P2d 942 (1982). A valid arrest requires police to have both subjective and objective probable cause to believe that the person committed a crime. *State v. Owens*, 302 Or 196, 203-04, 729 P2d 524 (1986). An officer's belief that the person "possibly" committed a crime is insufficient to satisfy the subjective prong of probable cause. *State v. Demus*, 141 Or App 509, 513, 919 P2d 1182 (1996). "The test is not simply what a reasonable officer *could have* believed when he conducted a warrantless search or seizure, but it is what this officer actually believed[.]" *Owens*, 302 Or at 204 (emphasis in original).

Here, the officers did not have a subjective belief that defendant had committed a crime. Although defendant told the police that the gun found in the car belonged to her, the police body-camera footage showed the officers discussing the fact that they did not believe her, and one of the officers testified as much at the suppression hearing. Indeed, the trial court found that the officers did not believe the gun belonged to defendant, and we are bound by that finding. Because the officers lacked subjective probable cause to arrest defendant for the firearm offense (or any other offense at the time the backpack was searched), a search of the backpack could not be justified based on defendant's arrest. The trial court therefore erred in denying defendant's motion based on the search-incident-to-arrest exception.

C.  *Search Incident to the Driver's Arrest*

Turning to the final basis for the trial court's decision, defendant argues that she is entitled to suppression because the search of her backpack exceeded the permissible scope of a search incident to the driver's arrest, as the backpack was not within the "immediate control" of the driver prior to his arrest. To support her contention that

the scope of the search exceeded the space within the driver's immediate control—and was therefore unreasonable— defendant points to the facts that the backpack was on the passenger-door side of her seat beside her, the police knew it belonged to her, and there was nothing to independently connect the driver to the backpack. The state responds that, because the backpack held by defendant was within arm's reach of the driver just before his arrest, it was within his "immediate control," permitting the police to search the backpack incident to his arrest.

The touchstone of a search incident to arrest is "reasonableness." *Owens*, 302 Or at 202. For a search of an automobile incident to arrest to be lawful, it must be reasonable in time, scope, and intensity. *State v. Burgholzer*, 185 Or App 254, 259, 59 P3d 582 (2002). A search of a vehicle incident to arrest is reasonable in scope when it is confined to the space that was in the "immediate control of the suspect at the time of the arrest." *State v. Brownlee*, 302 Or App 594, 605, 461 P3d 1015 (2020) (internal quotation marks omitted); *State v. Washington*, 265 Or App 532, 537, 335 P3d 877 (2014). That scope also extends to items in the arrestee's control and where evidence of the crime could *reasonably* be concealed, not just *possibly* be concealed. *Ramirez*, 305 Or at 215; *Washington*, 265 Or App at 537. It is permissible to search closed compartments or containers in the passenger compartment of a vehicle, provided that evidence of the crime could reasonably be concealed in the parts of the car searched. *Id*. at 541.

Under Oregon law, vehicle passengers maintain an independent, constitutionally protected privacy interest, which is not diminished merely upon entering a vehicle with others. *See State v. Tucker*, 330 Or 85, 88-90, 997 P2d 182 (2000) (rejecting the argument that "a passenger in an automobile has no protected privacy interest or property interest in the automobile or its contents"); *see also State v. Snyder*, 281 Or App 308, 314, 383 P3d 357 (2016) (holding that a passenger held a protected interest in a vehicle and its contents); *State v. Silva*, 170 Or App 440, 446, 13 P3d 143 (2000) (holding that both a driver and a passenger maintained constitutionally protected interests in a duffel bag found in

a vehicle in which they had both been traveling); *State v. Fulmer*, 366 Or 224, 235-37, 460 P3d 486 (2020) (protecting a vehicle occupant's constitutionally protected privacy and possessory interests in readily retrievable personal items within a vehicle).

In resolving the tension between privacy rights of passengers and law enforcement's need to search for evidence of a crime after arresting a driver, we have emphasized the importance of a nexus between an arrestee and the item to be searched incident to arrest. For example, in *Burgholzer*, we upheld a lawful search of a cigarette pack incident to the defendant's arrest for driving under the influence of a controlled substance. 185 Or App at 259-60. When the police stopped the defendant, he had a cigarette in his mouth, and a pack of cigarettes was located between the driver's seat and the center console. *Id.* at 260. We upheld the search, because the cigarette pack "was plainly within [the] defendant's immediate possession shortly before the arrest and, consequently, could be said to have been intimately associated with [the] defendant at the time of his arrest." *Id.*; *see also State v. Hartley*, 96 Or App 722, 726, 773 P2d 1356, *rev den*, 308 Or 331 (1989) (holding that a car trunk was lawfully searched incident to the defendant's arrest when officers had seen the defendant close the trunk just before his arrest and learned from witnesses that the defendant had placed a gun in the trunk); *State v. Askay*, 96 Or App 563, 567-68, 773 P2d 785, *rev den*, 308 Or 197 (1989) (upholding the search of a rolled-up paper bag that the defendant had handed to another person immediately prior to arrest).

Here, the state did not meet its burden to demonstrate that the search of defendant's backpack qualified for the search-incident-to-arrest exception to the warrant requirement, because it was not immediately associated with the driver or within the driver's immediate control—it belonged to and was controlled by the passenger. Defendant was holding the backpack at her side when the officer ordered her to exit the vehicle, and the same officer testified at the suppression hearing that he watched defendant remove the backpack from her seat and place it on

the floor before she exited the vehicle. The bodycam video further reveals that defendant first looked to the backpack when looking for her identification card before seeing her wallet on the seat. The police knew the backpack belonged to defendant, it was within her possession at the time of the driver's arrest, and there was no independent connection between it and the driver. Critically—and unlike the cases discussed above—there was no nexus between the driver and defendant's backpack other than their presence inside the car, and it certainly cannot be said that the backpack was "intimately associated" with or in the "immediate control" of the driver at the time of his arrest. The arrest of a person in a vehicle, without more, does not provide the authority to search through the personal effects of another, nonarrested individual. To construe the search-incident-to-arrest exception so broadly would chip away at the narrow limits of the exception at the expense of constitutionally protected privacy rights. Accordingly, we hold that police may not search a nonarrested vehicle passenger's property if it clearly belongs to the passenger, is within the passenger's control, and no independent facts connect it to the arrestee.[2] Because the search of the backpack exceeded the scope of a valid search incident to arrest for evidence of the crime of arrest, the trial court erred in denying defendant's motion to suppress the evidence that flowed from that search.

In Case Number 21CR17744, conviction on Count 1 reversed and remanded. In Case Numbers 20CR52167 and 21CR20302 affirmed.

---

[2] We find support for that conclusion in the reasoning employed by a neighboring jurisdiction. In *State v. Parker*, 139 Wash 2d 486, 501, 987 P2d 73, 82 (1999), the Washington Supreme Court, consistent with the Washington Constitution's recognition of individuals' privacy rights, rejected the argument "that personal belongings clearly and closely associated with nonarrested vehicle occupants are subject to full blown police searches merely because some other occupant in the vehicle is arrested." The court explained that "vehicle passengers hold an independent, constitutionally protected privacy interest. This interest is not diminished merely upon stepping into an automobile with others." *Id*. at 496, 987 P2d at 79.